Filed 5/19/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MOISES JAMIE JAIME,<br><br>Defendant and Appellant. | C096022<br><br>(Super. Ct. No. SCCR-CRF-2020-436) |

APPEAL from a judgment of the Superior Court of Siskiyou County, Anne Bouliane, Judge. (Retired judge of the S.F. Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General for Plaintiff and Respondent.

1

Before January 1, 2022, trial courts examined peremptory challenges under the three-step inquiry established by *Batson v. Kentucky* (1986) 476 U.S. 79 and *People v. Wheeler* (1978) 22 Cal.3d 258. Recognizing the limitations of the *Batson*/*Wheeler* inquiry, the Legislature enacted Assembly Bill No. 3070 (2019-2020 Reg. Sess.) (Assembly Bill 3070) to add Code of Civil Procedure section 231.7,[1] which creates new procedures for identifying unlawful discrimination in the use of peremptory challenges.

Under section 231.7, the party objecting to the peremptory challenge is no longer required to make a prima facie showing of racial discrimination. Instead, "upon objection to the exercise of a peremptory challenge pursuant to [section 231.7]," the party exercising the peremptory challenge must state the reasons for exercising the challenge. (§ 231.7, subd. (c).) Also, certain reasons for a peremptory challenge are presumptively invalid under section 231.7 unless rebutted by clear and convincing evidence that they are unrelated to the prospective juror's perceived membership in a protected group and that the reasons bear on the juror's ability to be fair and impartial. (§ 231.7, subd. (e).) Those presumptively invalid reasons include the prospective juror having a negative experience with law enforcement or having a close relationship with someone who has been convicted of a crime. (§ 231.7, subd. (e)(1), (3).)

Here, jury selection for the trial of defendant Moises Jamie Jaime (for two counts of transporting controlled substances and two counts of possessing controlled substances for sale) began two months after section 231.7 became applicable. A prospective juror, whom we will refer to as L., asked to speak privately with the court and parties. In a private hearing, L. disclosed that her "cousin was actually convicted of murder in this court" and that the current district attorney spoke to her class when she was a child and

---

[1]     Further statutory references are to Code of Civil Procedure. Section 231.7, subdivision (i) "applies in all [criminal] jury trials in which jury selection begins on or after January 1, 2022." (§ 231.7, subd. (i); see *id.*, subd. (k).)

"ended up bringing up [her] cousin's trial in class before it had gone to trial." She further disclosed that she spoke with a lawyer about the district attorney's conduct.

The prosecutor later exercised a peremptory challenge against L., and defense counsel asked the trial court to "make our record in the back." The court took a break from jury selection and asked L. to remain. The following dialogue ensued without her:

"THE COURT: For the record the Court has asked [L.] to remain and she is outside because I anticipate that it's a Wheeler motion; is that right?

"[DEFENSE COUNSEL]: It's a –

"THE COURT: Batson-Wheeler.

"[DEFENSE COUNSEL]: Yes.

"THE COURT: So since one of the remedies should I find a prima facie case and grant the motion is to have the juror remain seated I asked [L.] to remain.

"[DEFENSE COUNSEL]: Okay.

"THE COURT: Okay. So that's the reason.

"So at this time, [defense counsel], you should make your motion."

Defense counsel then argued that L. said she would follow the law and the evidence and would do so as an impartial member of the jury despite "unusual circumstances in her experience from her youth." Defense counsel further argued L. was in a protected class because of her surname.

The prosecutor countered that defense counsel did not establish a prima facie case. She further stated the following concern with L.: "So [L.] provided information that her cousin was prosecuted by our office for in her words murder. That he was sent to prison and that she had an experience with the elected official of our office that in her words prompted her to seek out an attorney because she was upset by I guess what she had experienced, specifically the sharing of information and evidence related to her cousin's case pretrial, in her words. . . . [¶] So for -- it's that aspect of what was shared that gives the People concerns."

3

The court concluded that "based on the district attorney's statements . . . based on my view of everything that I don't believe that this was a racially motivated challenge. [¶] So the Batson-Wheeler will be denied . . . ."

The next morning, after the jury had been impaneled and witnesses had testified, the trial court stated that the prosecutor "had asked for an opportunity and the Court would like an opportunity also to make more of a record on what transpired at the Batson-Wheeler motion."

The prosecutor stated as follows:

"Due to our lengthy morning I didn't refresh myself on the new update on the law. So when I had relayed that I didn't think the defense raised a prima facia case, I was applying the previous standard of law.

"With that being said, the new update does require that when such a challenge is made that the other party must state the reasons that the peremptory challenge was exercised.

"I do believe that I did relay those reasons, specifically the specific incident raised by the potential juror regarding what seemed to be a very sensitive issue that happened and based on the sense that I got it was an experience that did affect and bother her.

"Therefore, the People exercised a peremptory challenge on that basis."

After defense counsel reiterated the same arguments made the day before, the court continued to apply the *Batson-Wheeler* analysis: "And so the Court – I was aware and am aware of the – there has to be a showing of reasonable inference of a systematic exclusion of a cognizable group. I didn't think it was there."

"However, I am aware of case law and I – because often courts will ask for further reasoning, and I did, even though I didn't think there was a prima facia case." The court concluded as follows: "I find based on everything that I saw and heard that the challenge was not based on an impermissible purpose, that it was a valid constitutional peremptory

4

challenge." After a jury found defendant guilty on all four counts, the trial court placed defendant on two years of formal probation.

On appeal, defendant's principal argument is that we must reverse the judgment and remand the case for a new trial because the People's peremptory challenge was presumptively invalid under section 231.7 and the People offered no evidence to overcome that presumption. The People counter that defendant forfeited this argument because he did not specifically object under section 231.7 or correct the court's error in applying *Batson/Wheeler*. The People do not dispute that they exercised a peremptory challenge for a presumptively invalid reason under section 231.7: their explicit basis for excusing L. was her previous "negative experience with law enforcement" and her "close relationship with people who have been . . . convicted of a crime." (§ 231.7, subd. (e)(1) & (3).) Thus, our inquiry is limited to whether defendant forfeited an objection to the peremptory challenge under section 231.7.

In general, the failure to articulate an objection to a peremptory challenge forfeits the issue on appeal. (*People v. Cunningham* (2015) 61 Cal.4th 609, 662.) With that understanding, the purpose of the forfeiture rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. (*Unzueta v. Akopyan* (2019) 42 Cal.App.5th 199, 215.) Such a purpose is absent when it is clear the court will not make a correction despite awareness of an error. Thus, an exception to the forfeiture rule exists where the record shows an objection would be futile. (*People v. Wilson* (2008) 44 Cal.4th 758, 793.) While the futility exception to the forfeiture rule applies only in unusual and extreme circumstances (*People v. Lima* (2022) 80 Cal.App.5th 468, 479), we conclude such circumstances are present here.

According to the record, the People informed the trial court that the law governing peremptory challenges had been updated and, under the new law, "when such a challenge is made . . . the other party must state the reasons that the peremptory challenge was exercised." The People were referring to the changes made by section 231.7 and implied

5

that this updated standard should be applied in this case. The People further admitted that their original arguments on the objection applied "the previous standard of law." Recognizing their burden under the new law to state the reasons for a peremptory challenge, the People stuck by their previously stated reasons. Despite learning a new standard applied, the court still analyzed the objection under the *Batson*/*Wheeler* framework. Thus, the record shows that even if defense counsel had previously raised a specific section 231.7 objection, the court would have overruled the objection under former law. (See *People v. Zambrano* (2004) 124 Cal.App.4th 228, 237 [counsel was excused from objecting to an improper question by the prosecutor because the trial court later erroneously overruled the same objection to similar questions].) Under these narrow circumstances and the precise record here, we find that a timely and specific section 231.7 objection would have been futile.

The record further shows that the prosecutor provided no evidence to rebut the presumptively invalid reasons for exercising the peremptory challenge. The People argue that their reasons alone provide clear and convincing evidence to show the challenge was unrelated to L.'s perceived membership in a protected group and concerned her ability to be fair and impartial. We disagree. Allowing a party to use the presumptively invalid reasons to overcome the presumption would render section 231.7, subdivision (e) meaningless. (*Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 386 ["Interpretations that render statutory language meaningless are to be avoided."].)

Despite the lack of evidence to overcome the presumption, the trial court concluded the challenge was proper based on "the district attorney's statements" and its "view of everything." This was prejudicial error, and we reverse the judgment and remand the matter for a new trial. (§ 231.7, subd. (j).) We therefore do not address defendant's remaining arguments.

## DISPOSITION

The judgment is reversed.  The case is remanded for a new trial.

                                       /s/
                                       MESIWALA, J.

We concur:

 /s/
DUARTE, Acting P. J.

 /s/
BOULWARE EURIE, J.

7